CUSTODY OF ODETTE.[1] No. 03-P-343. June 11, 2004. *Parent and Child, Custody of minor. Minor,* Custody.

The mother appeals from a July 31, 2002, order awarding joint custody to her and the father, the unmarried parents of a daughter born on June 25, 2000.

We take our facts from the findings of the judge. An abuse prevention order issued on July 19, 2000, and was extended until August 1, 2001. The mother agreed to modify the order so that contact for the purpose of arranging visitation would not be a violation of the order. After genetic testing sought by the father indicated that the probability of paternity was greater than ninety-nine percent, the parties acknowledged paternity. On April 17, 2001 (inadvertently described in the findings as 2000), a temporary order issued permitting the father to continue to have three two-hour visits per week and requiring him forthwith to attend and complete an anger management program. The order required the visits to be supervised until the father enrolled and completed the anger management program and also required his brother-in-law or his sister to be present at the time of the picking up and dropping off of the child. If the father were more than ten minutes late, all visits subsequent were to be supervised.

The father completed an anger management program, and on August 14, 2001, the parties entered into a stipulation, made an order of the court, provid-

---

[1]A pseudonym.

ing for specified hours of visitation,[2] for vacating of the abuse prevention order, and for child support. On February 2, 2002, the parties entered into another stipulation, also made an order of the court (inadvertently described in the judge's findings as issued in 2001), which increased visitation to include overnight visits on alternate weekends.

The judge stated that the parties, in a stipulation on the date of trial, agreed on all issues except the issue of legal custody and Christmas visitation.

The judge also found that the parties had established a suitable parenting plan addressing the child's medical needs[3] as well as a reasonable visitation schedule. He found the father "is capable of caring for [the child] as well as making major decisions concerning her well-being, and there is no evidence . . . to suggest that he is an unfit parent." The judge also stated that the parties do not have any fundamental differences in the major areas of child rearing.

The following finding is the primary focus of this appeal.

> "17. Despite limited communication and differences between the parties, they have not demonstrated an inability to communicate and cooperate concerning major decisions affecting [the child]."

The statute permitting joint custody, G. L. c. 209C, § 10(a), as inserted by St. 1986, c. 310, § 16, provides, in relevant part, as follows:

> "In awarding the parents joint custody, the court shall do so *only* if the parents have entered into an agreement pursuant to section eleven or the court finds that the parents have successfully exercised joint responsibility for the child prior to the commencement of proceedings pursuant to this chapter and have the ability to communicate and plan with each other concerning the child's best interests" (emphasis supplied).

There is no agreement as to joint custody. The mother's testimony sets forth serious problems between the parties. The father's testimony indicates that the mother "had kicked me in and out so many times" and that "there was definitely tension" between them. When asked why he was reluctant to have a significant amount of communication with the mother, the father answered that it was a result of the restraining order. "I don't want to leave myself vulnerable to have another false accusation . . . ."

In view of the evidence from both the mother and the father indicating limited communication and differences, a matter also found by the judge, we consider that the statute requires more than a finding that the parties have "not demonstrated an inability to communicate and cooperate concerning major decisions affecting [the child]." To support an award of joint custody the statute requires a positive finding that they have such an ability.

In the absence of such a finding, and in light of the evidence which strongly suggests that there is hostility between the parties, see *R.H.* v. *B.F.*, 39 Mass.

---

[2]Mondays and Wednesdays from 4:00 P.M. until 7:00 P.M. and Saturdays from 10:00 A.M. until 4:00 P.M.

[3]The mother challenges the finding that the parties have stipulated regarding the medical needs of the child. The father testified that he has procured insurance for the child.

App. Ct. 29, 43 (1995), *S.C.* sub nom. *Custody of Vaughn,* 422 Mass. 590 (1996), we consider it necessary to remand the matter to the Probate and Family Court to determine whether the evidence permits such a positive finding. The judge in his discretion may hear additional evidence.

Accordingly, the order awarding joint legal custody is vacated, and the matter is remanded to the Probate and Family Court for further proceedings consistent with this opinion.

*So ordered.*

The case was submitted on briefs.

*Janis E. Martin & Christopher R. Whittingham* for the mother.